OPINION OF THE COURT
Geoffrey J. O’Connell, J.
The court has considered the following papers: the notice of motion, dated October 31, 1986, and the answering papers, dated November 6, 1986.
Defendant, by his attorney, applies for an order dismissing the information (CPL 170.30); compelling discovery; directing the service of a bill of particulars, and suppressing potential evidence. Regrettably, the motion and answering affirmation are but another example of indifference to the demand procedure for bills of particulars and discovery.
statutory scheme — the demand procedure
In 1982 the Legislature enacted chapter 558 reforming the bill of particulars section and discovery article in an effort "to *1130 convert the formal, wasteful motion requirement for bills of particulars [and discovery] into a simple demand initiation.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 200.95, pp 545, 546.) The statutory scheme calls for the request for particulars and the demand for discovery to be made within 30 days of arraignment. (CPL 200.95 [3]; 240.80 [1].) Thereupon the prosecutor has 15 days in which to comply with the various items requested or demanded. (CPL 200.95 [4]; 240.80 [2], [3].) Where the prosecutor refuses to comply with any particular item or items, the grounds for the refusal must be stated. (CPL 200.95 [4]; 240.35.)
To litigate a refusal the defendant merely includes the contested items in his omnibus motion which under CPL 255.20 must be served and filed within 45 days of arraignment. Since the People have theoretically given their grounds for refusal, defense counsel need only address himself to the reasons given by the prosecutor.
THE INSTANT CASE
Here, the defendant was arraigned on July 22, 1986. Counsel appeared on July 23, 1986. The moving papers dated October 31, 1986 make no mention of a request for a bill of particulars or a demand for discovery and no such documents appear in the court file. For his part, the Assistant District Attorney also makes no reference to any request or demand but entitles his answering papers "Answer To Demand to Produce”.
CPL 200.95 (5) requires the court to order the prosecution to supply a bill of particulars "[w]here a prosecutor has timely served a written refusal”. Here it does not appear that there has been a refusal since no request was served. The discovery article has similar provisions. CPL 240.40 (1) (a) requires court-ordered discovery "as to any material not disclosed upon a demand pursuant to section 240.20”. In a somewhat different context it has been held that discovery is in derogation of the common law and statutory provisions governing disclosure should be strictly construed. (People v Beauchamp, 126 Misc 2d 754.) Applying such an approach to the demand procedure it appears logical that the serving and filing of a request for particulars and a demand for disclosure are conditions precedent to court intervention to assist a defendant.
*1131 The defendant having failed to allege service of either a request for particulars or demand for discovery, his motions to compel service of a bill of particulars and disclosure of various items is denied except to the extent that the People have made voluntary disclosure.